## J. M. ANDERSON et al. VS. E. L. SPENCER.

1. VENDOR AND VENDEE: *Assignment of title bond. Lien thereof.*
 The payment, by the assignor of a title bond, of the purchase money due his vendor, is not necessary to the existence of the lien in his favor, as against his assignee, but it does affect the value of his claim as being subordinate to the claim of the first vendor.

2. SAME: SAME.
 The claim of the obligor of the bond for title being extinguished, the land conveyed to the assignee was bound in his hands or in the hands of a remote vendee, with notice, by a lien in favor of the title bond.

3. ASSIGNOR OF TITLE BOND: *Lien thereof.*
 The holder of a title bond for the conveyance of land, selling the land and assigning the title bond, has a lien on the land for the payment of the purchase money to the same extent as if he had conveyed the land by deed.

4. SAME: *Receiving a deed from obligor. Effect thereof.*
 When the assignee of the title bond obtains a deed from the obligor of the bond for title, vesting in him the legal title, he holds the land as trustee for his vendor, the assignor of the bond for title.

APPEAL from the Chancery Court of *Prentiss* county.

Hon. O. H. WHITFIELD, Chancellor.

Spencer filed his bill, alleging that, on September 18, 1869, he was the owner of an equitable interest in the land in controversy, having purchased the same from one Williams, agent, and paid a part of the purchase money, and executed his note for the residue; that complainant at that time sold the said land to the defendant, J. M. Anderson, who was to pay the balance due to Williams, and executed his note to complainant for $450, and complainant transferred Williams' title bond to Anderson; that Anderson paid Williams and took a deed to the lands; that afterwards Anderson sold the land to one J. W. Stevens, who knew at the time that Anderson owed the note to complainant; that Stevens took the land charged with complainant's debt; that on February 5, 1875, the said Stevens sold to one Jacob Henderson for $600, at one, two, and three years time; that the debt due by Henderson to

Stevens is subject to the complainant's debt; prays for an account to be taken of the amount due to Stevens by Henderson on account of the land, and that the amount so found to be due shall be decreed a charge upon the land in favor of complainant.

Defendants demurred on the following grounds:

1. Because the bill does not contain a clear, legible and orderly statement of all the facts upon which the action is founded.

2. Because the complainant does not show any claim to the land described ever to have been in himself.

3. For want of privity between the parties.

4. Because there is no equity in the bill, and for divers other causes.

The demurrer was overruled, and the case comes to this court on appeal, and appellant assigns for error the following:

1. The court below erred in overruling the demurrer.

2. The court erred in granting complainants in error leave to answer upon overruling their demurrer.

*L. P. Reynolds*, for appellants:

Cited and commented on Code of 1871, § 1015; Story Eq. Pl., § 255, 257; Stewart *v.* Hutton, 3 J. J. Marsh., 178; Richardson *v.* Bowman, 40 Miss., 782; Ligon *v.* Alexander, 7 J. J. Marsh., 288; Russell *v.* Watt, 41 Miss., 602; Halloway *v.* Ellis, 25 id., 103. The vendor's lien arises only between vendor and vendee. Russell *v.* Watt, 41 Miss., 608; Skaggs *v.* Nelson, 25 id., 88; Beaman *v.* Buck, 9 S. & M., 207; Box *v.* Stanford, 13 S. & M., 93.

*Green & Pickens*, for appellees:

The only question raised by the demurrer is, whether the vendor of equitable interest has a lien on the land sold, for the purchase money. The bill avers that the complainant was the owner of an equitable interest in the land sold, and the demurrer admits it. Has he a lien? We submit that this is not an open question in this state. Russell *v.* Watt, 41 Miss., 602; Richardson *v.* Bowman, 40 id., 782; Stewart *v.* Hutton, 3 J. J. Marsh., 178; Ligon *v.* Alexander, 7 id., 288.

CAMPBELL, J., delivered the opinion of the court:

The question to be decided in this case is, whether the obligee of a bond for title to land, who has paid part of the purchase money and owes a part, and bargains the land to another, assigning him the bond for title, the assignee stipulating to pay the obligor in the bond the balance of purchase money due him, and executing his note to the obligee of the bond, has a vendor's lien on the land for the payment of the note after his assignee has paid the purchase money due to the obligor in the bond for title, and received a deed for the land?

There is no precedent for this case among the adjudications in this state, but the principle which must govern it is well settled here and elsewhere, and the precise question has been decided in Kentucky. Richardson v. Bowman, 40 Miss., 782; Russell and wife v. Watt et al., 41 id., 602; Warren v. Fenn, 28 Barb., 333; Stewart v. Hutton, 3 J. J. Marsh., 178; Wiseman v. Reid, 7 id., 249; Ligon v. Alexander, id., 288.

In the last mentioned case, the precise point was decided. The declaration by the court that "before an assignor can have such a lien, he must show himself to have been the beneficial owner of the property by payment of the purchase money to his vendor," had reference to the practical enforcement of his claim, it being true that his claim would be subordinate to and not enforceable against the paramount claim of his vendor in case of conflict with it. The expression quoted occurs after an express announcement of the existence of a lien in favor of the assignor of a bond for title, and is used as an answer to the objection "that this extension of the lien against a remote assignee is calculated to produce a war of irreconcilable and conflicting liens." The payment by the assignor of the title bond of the purchase money due his vendor is not necessary to the existence of the lien in his favor as against his assignee, but does affect the value of his claim as being subordinate to the claim of the first vendor. In the case at bar, the holder of the bond for title had paid some part of the purchase money, and his assignee was to pay the balance, and did so.

Therefore, the claim of the obligor in this bond was extinguished, leaving the land he conveyed to the assignee, bound in his hands, or in the hands of a remote vendee, with notice, by a lien in favor of the assignor of the title bond. In Wiseman's Heirs *v.* Reid, 7 J. J. Marsh., 249, it was decided that one holding a title bond for the conveyance of land, and selling the land and assigning the title bond, has a lien on the land for the payment of the purchase money, in the same manner and to the same extent as if he had conveyed the land by deed. We approve the doctrine thus broadly and unqualifiedly announced. The principle of our own cases justifies this.

In Russell *v.* Watt, cited above, Russell had neither legal nor equitable claim on the land. The title was in Booth, who permitted Russell and wife to live on the lot as mere occupants, and he conveyed at the request of Russell and wife to one to whom they bargained the land by parol, and the vendee executed his note to Russell and wife, and it was held that a lien arose in favor of the payment of the note. *A fortiori*, should a lien be declared to exist in favor of one who held the written obligation of him in whom was the legal title to convey it, and who has assigned that obligation to one to whom he bargained the land. In such case, the assignee of the title bond, having obtained a deed from the obligor, vesting in him the legal title, holds it as a trustee for his vendor, the assignor of the bond for title.

The bill seems to have been carelessly drawn, but it is substantially good. It shows that complainant held a "bond for title," and had paid part of the purchase money, and owed a balance, and sold the land to Anderson, who executed his note to complainant for $450, and agreed to pay complainant's vendor the balance of purchase money he owed him, and that Anderson had paid this balance and got a conveyance of title from said vendor, and had sold to one Stevens, who knew of complainant's unpaid claim for purchase money, and that Stevens had sold to one Henderson, who owes the purchase money which is sought to be applied to complainant's demand.

We think the bill is not demurrable, and affirm the decree over-ruling the demurrer, and defendants may have sixty days in which to answer the bill.