## JOHN RUTLAND *v.* L. A. W. BRISTER.

1. STATUTE OF FRAUDS.   *Contract for sale of land.*
   A contract by a judgment creditor, who has purchased the land of the judgment debtor at execution sale, with the debtor, that the latter may redeem the land by payment of the debt, cannot be enforced, because of the Statute of Frauds, unless in writing.

2. VENDOR AND VENDEE.   *Vendor who is not grantor.   Lien.*
   A person may contract to convey land to which he has no title, legal or equitable, and, when he procures a deed from the owner of the land to his vendee, may maintain a bill in chancery to enforce his vendor's lien for the unpaid purchase-money.

3. Same. *Vendor's lien. Note payable to vendor's wife.*

On a sale and conveyance of land the vendee made two notes for the purchase-money, one to the vendor and the other to his wife.' *Held,* on a bill by the vendor to foreclose the vendor's lien, that the complainant was entitled to enforce the lien for the note payable to himself, but not for the one payable to his wife. *Patterson* v. *Edwards,* 29 Miss. 67; *Skaggs* v. *Nelson,* 25 Miss. 88.

Appeal from the Chancery Court of Lincoln County.

Hon. Thomas Y. Berry, Chancellor.

John Rutland filed this bill in chancery against L. A. W. Brister, to foreclose a vendor's lien. Brister demurred; and, on the demurrer being overruled, answered, denying the lien.

The testimony disclosed the following facts: Rutland owned the land in controversy. One Buckley had a judgment against Rutland. The land was sold upon execution issued on Buckley's judgment, and Buckley became the purchaser for $146. After this execution sale, Buckley agreed with Rutland that he would allow the latter to redeem the land by paying him the amount of his bid. Brister, the defendant, applied to Buckley to purchase the land, and was informed by Buckley of the arrangement with Rutland, to whom Buckley referred him. Brister called on Rutland, and made a trade with him, the terms of which were that Brister should pay $146 cash, which was to extinguish Buckley's claim, and to execute his two notes for $100 each, one payable to Rutland and the other to his wife; and that Rutland should secure the making of a deed to Brister by Buckley. Accordingly, the three parties subsequently met, the $146 was paid to Buckley, Brister executed the two notes, and Buckley executed the deed to Brister. The land is worth $400; and the notes are due and unpaid.

From a decree dismissing the bill the complainant appealed.

*Chrisman & Thompson,* for the appellant.

Rutland was the vendor, Buckley a mere grantor. *Russell* v. *Watt,* 41 Miss. 602; *Perkins* v. *Gibson,* 51 Miss. 699; *McLain* v. *Thomson,* 52 Miss. 418.

*W. H. Hartley,* for the appellee.

1. Rutland had no title, legal or equitable, to the land. His agreement with Buckley was void by the Statute of Frauds.

Code, § 2892.    Rutland conveyed nothing, and has no vendor's lien.

2. One of the notes is payable to Mariah Rutland.    How does her equity get in?    She is not even a party to the suit.

SIMRALL, C. J., delivered the opinion of the court.

If this were a bill to enforce the contract between Buckley, the judgment creditor, and the purchaser at the execution sale, and Rutland, the judgment debtor, the suit would fail, because of the Statute of Frauds.    Buckley was content to realize his debt out of his debtor's property, and consented that he might redeem the property, and, as finally arranged, that he might find a purchaser, and take to himself all that could be got for the land, over the debt, for which he had bid it off.    The negotiation and bargain was between the complainant and the defendant.    The former agreed to sell the land for $345, and the latter to purchase at that price.    It was wholly immaterial to the defendant from what source the title came, so that the complainant complied with his contract.    Brister had no concern or interest in the consideration that induced Buckley to transfer the title, so that he obtained it.    Rutland, the complainant, stood towards Brister, the defendant, as his vendor. The price which the latter paid and agreed to pay was $346. It was immaterial to him whether the cash part of it went to Buckley or the complainant.

Essentially the deferred payment represented by the note payable to Rutland was due to him as vendor when he procured the title to be conveyed, as if it had been in himself, and had passed by his deed.    In principle it is like *Russell* v. *Watt*, 41 Miss. 602, 608, where the title was in Mrs. Russell's father, but was conveyed to her vendee by him at her request, the notes for the purchase-money being payable to her.    The lien was sustained at the suit of Russell and wife, though the grantor had no participation in the bargain or interest in the price.

The cases have distinctly established the distinction between the *vendor* and *grantor*.    He is the vendor who negotiates the sale, and becomes the recipient of the consideration, though the title comes to the vendee from another source, and not

from the vendor. Justice will be promoted by giving practical effect to the principle resting on that distinction, whenever the circumstances concur which justify it.

A person may bargain to convey land to which he has no title, legal or equitable. When the time for performance comes, he fulfils the obligation, if he induces him who has the title to convey to the vendee. The parties to the executory contract of sale sustain towards each other the relation of vendor and vendee, and an equity would arise for the unpaid price. There is no force in the objection that the party had no title at the date of his contract, and that it did not come through him. If he has caused a good title to be conveyed, he has discharged his obligation quite as much so as the debtor who procures another to pay his note. Nor is the vendee any more affected by the arrangement or inducement that prompts the *grantor* to make the deed, than is the creditor concerned in the consideration that prompts the stranger to advance the money to pay the debtor's note. In both cases the contract has been performed.

Rutland stands in the relation of vendor to Brister; the latter, as purchaser from him, owes to him part of the price. That is enough to create the equity. *Anderson* v. *Spencer*, 51 Miss. 869; *Perkins* v. *Gibson*, 51 Miss. 699.

The complainant ought to have had an enforcement of the vendor's lien for the note of $100 payable to himself, but not for the note of same amount payable to his wife. *Patterson* v. *Edwards*, 29 Miss. 67; *Skaggs* v. *Nelson*, 25 Miss. 88.

*Decree reversed, and decree in this court in accordance with this opinion.*