[No. 1552.   Decided March 7, 1895.]

DAVID WEBB, *Appellant*, v. WILLIAM P. STEPHENSON *et al., Respondents.*

VENDOR AND PURCHASER — EXECUTORY CONTRACT FOR SALE OF LAND — RESCISSION BY PURCHASER — MISREPRESENTATION AS TO TITLE — WAIVER — ALIENATION BY VENDOR.

The fact that the vendor in a contract for the sale of land is not the owner thereof at the time of making the contract, is not ground of rescission on the part of the purchaser, unless he has been induced to enter into the contract by reason of false representations as to such fact.

Where a contract of sale of land has been made by two persons, an allegation in a complaint for rescission of the contract by the purchaser that one of the vendors fraudulently misrepresented the title is insufficient, in the absence of allegations showing agency of the vendor making the misrepresentations for the other vendor.

Payments made by a purchaser under the terms of a contract for the sale of land, after knowledge on his part of a misrepresentation by the vendors as to title being in them, is a waiver of any right of rescission the purchaser might have by reason of such misrepresentation.

. The fact that a vendor in a contract for the sale of land makes conveyance of the land to another party than the one to which it is contracted to be conveyed, is not ground for rescission by the holder of the contract, when by the terms of the contract the time for conveyance to him has not yet arrived.

*Appeal from Superior Court, King County.*

- *Melvin G. Winstock* and *Frank B. Ingersoll*, for appellant.

*Jacobs & Jacobs*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, plaintiff below, brought this action for the rescission of a contract for the sale of real estate and for the recovery of the money paid on said contract, including taxes paid thereon. On the 4th day of January, 1892, the respondents entered into a contract with the appellant whereby they agreed to sell him two blocks or tracts of land, viz., blocks 5 and 6 of Shinn's Valley Home addition to Kent, King county. The contract is short, and we will set forth the substance of it here:

"It is hereby mutually agreed by and between W. P. Stephenson and Fannie Stephenson, the parties of the first part, and David Webb, the party of the second part, that said parties of the first part will sell to said party of the second part, his heirs or assigns, and said party of the second part will purchase of said parties of the first part, their heirs, executors or administrators, the following described lots: [Giving description], on the following terms:

"1st. The purchase price for said land is $3,000, of which the sum of $1,000 has this day been paid as

earnest, . . . and the further sum of $2,000 in
three equal payments, each of which payments is to be
made on or before the 4th day of January of each year
for three years from the date hereof; said sum of
$2,000 to bear interest at the rate of ten per cent. per
annum, payable semi-annually.

"2d. Said land to be conveyed . . . to said
party of the second part when said purchase price shall
have been fully paid.

"3d. Time is the essence of this contract.

"4th. If said party of the second part fails to pay
the whole of said purchase price and interest within
the time specified, then the said parties of the first part
may, if they so elect, rescind this contract, and in that
case all payments made by the said party shall be for-
feited.

"5th. Said party of the second part is to pay all
taxes and assessments which may be hereafter levied
upon said land."

Properly signed and acknowledged.

The allegations of the complaint, after setting forth
the contract, are that at the time said contract was
entered into, and for some time prior thereto, defend-
ant William P. Stephenson represented he was the
owner in fee simple of said above described tracts of
land, and that his title thereto was free from all liens
or incumbrances of whatever nature, and that the
plaintiff, relying upon said representations was induced
to enter into said contract. Further sets forth the
fact that at the time the contract was entered into, the
said William P. Stephenson held the title to but one of
said tracts, viz., tract 5, and that said tract 5 was at
that time incumbered by mortgages; which mortgages
have long since fallen due and are still unsatisfied and
liable to foreclosure. And further, that on the 20th
day of February, 1894, the defendants still further
violated their obligations under said contract and

rendered impossible the fulfillment of their agreement to convey said tract 5 to plaintiff, by making a deed to said tract to one Hattie A. Range, who, the plaintiff alleges, is seeking to eject plaintiff from said premises. That at the time said contract was entered into the title to said tract 6 was and still is in one William J. Shinn. On account of these alleged fraudulent representations the plaintiff asked the rescission of this contract.

The law seems to be well settled that it is not necessary that a vendor should be owner of the land which he sells. 2 Warvelle on Vendors, p. 766, lays down the rule thus:

"That the defendant is unable to carry into execution the contract he has made affords no ground of defense in an action for specific performance, for parties may lawfully contract for the sale of property which at the time of making the agreement is not within the vendor's power to convey."

This text is fully supported by the authorities. In *Rutland v. Brister*, 53 Miss. 683, the court said:

"A person may bargain to convey land to which he has no title, legal or equitable. When the time for performance comes, he fulfills the obligation, if he induces him who has the title to convey to the vendee. The parties to the executory contract of sale sustain towards each other the relation of vendor and vendee, and an equity would arise for the unpaid price. There is no force in the objection that the party had no title at the date of his contract, and that it did not come through him. If he has caused a good title to be conveyed, he has discharged his obligation quite as much so as the debtor who procures another to pay his note."

This seems now to be the universal holding of the courts. It may well be, however, that a person would enter into a contract for the purchase of land from a party who had the title in him at the time the contract

was made, who would hesitate or even refuse to enter into such contract where the title was outstanding. So that some force must be given to the allegation of the complaint that at the time said contract was entered into the defendent Stephenson fraudulently represented to plaintiff that he, the said William P. Stephenson, was the owner in fee simple of said land, and that his title thereto was free of all liens and incumbrances. So far as this contract is concerned, however, and so far as the allegations of the complaint are concerned, William P. Stephenson was not the only vendor there was in this case. The contract is from William P. Stephenson and Fannie Stephenson, and it would not be a defense to this action that one of these defendants had made a misrepresentation without a misrepresentation of the other, and there is no allegation in this complaint of agency of any kind, and none can be inferred from what is actually alleged.

Again, paragraph 6 of the complaint alleges that the plaintiff himself has not carried out the obligations imposed upon him by the terms of the contract, in that he has not made payment of one-third of the sum of $2,000, the balance of the purchase money which, under the terms of the contract, was to have been paid on January 4, 1893; nor of one-third of the sum of $2,000, which was to have been paid on January 4, 1894. He, however, alleges that defendants have by their conduct waived their right to declare said contract rescinded under the forfeiture provision in the contract, because in the month of January, 1893, after default by the plaintiff of the payment to be made on the 4th day of that month, the defendants accepted the sum of $30 from plaintiff as interest on said unpaid balance; and further, that the defendants have permitted plaintiff to remain in undisturbed possession of

said premises, and have given him no notice that they intended or desired to rescind said contract. In this allegation to show a waiver on the part of the defendants, plaintiff has raised a presumption against himself. As we have seen; under the law the bare fact that the title was not in the vendor would not be sufficient to warrant the vendee in rescinding his contract had not he relied on the representation of the vendors that the title was in them, and whenever it would come to the knowledge of the vendee that these representations were not true, and he continued to perform the conditions of the contract by making payments under its terms, he would waive any rights that he might have to rescind by reason of this misrepresentation.

Considering the fundamental proposition, that before a court of equity will annul a contract and decree a refunding of the money paid thereon, the petitioner must show a case clearly warranting such action, we think that the complaint in this case does not show affirmatively, as it should, that all these payments were made without knowledge on the part of the vendee of the condition of this title. This reasoning will apply as well to the incumbrances or mortgages alleged to be unsatisfied against this land as to the outstanding title.

It does not necessarily follow that because the defendants have made a deed to said tract of land or any portion thereof to some one else since the execution of this contract, they will not be able to fulfill the conditions of their contract when the time for their fulfillment arrives. A deed might be made for many purposes which would in no way interfere with the final consummation of the contract on the part of the vendor. In fact, if he is allowed to contract for the

sale of land to which he has no title at the time the contract is made, it is not illogical to presume that he has a right to dispose of the title and obtain it again before the time for the fulfillment of the contract expires; or it may well be that the deeding to certain persons is for the purpose of convenience in conveying this land at the time the deed is contracted to be conveyed. None of these propositions are negatived by the allegations of the complaint

We think that the complaint does not state facts sufficient to constitute a cause of action for the rescission of this contract; the contract itself making no allusion to the condition of the title, and contracting only to convey at a certain time by a good and sufficient deed to the party of the second part, when the purchase price should have been fully paid. That time not yet having arrived there seems to us to be no ground expressed in this complaint for a rescission of this contract.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.