[No. 11130.   Department One.   September 22, 1913.]

ALDEN O. MORRIS, *Appellant*, v. COLUMBIA CANAL COMPANY, *Respondent*.[1]

VENDOR AND PURCHASER—CONTRACT—PERFORMANCE—TITLE—REMEDIES OF VENDEE—DAMAGES—RESCISSION—TIME OF DEMAND. Where a vendee, after paying only part of the purchase price, brought an action for damages because of failure of title, without asking cancellation of the contract, and before trial the defendant acquired title and tendered a conveyance, the plaintiff is not entitled to amend his complaint or seek a rescission of the contract; since the plaintiff was not damaged until the contract matured, and the subsequent acquisition of title and tender of conveyance before maturity of the contract was a full performance of it.

[1]Reported in 135 Pac. 238.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered June 22, 1912, dismissing an action for money paid and damages, after a trial on the merits to the court. Affirmed.

*W. B. Mitton,* for appellant.

*Winfield R. Smith,* for respondent.

Mount, J.—The plaintiff brought this action to recover damages from the defendant. After the issues were joined, the cause was tried to the court without a jury. After all the evidence was submitted, the court dismissed the action. The plaintiff has appealed.

The facts are as follows: On the 10th of April, 1909, the plaintiff entered into a written contract with the defendant, agreeing to purchase a five-acre tract of land, in the plat of Attalia, in the county of Walla Walla, Washington, for the agreed consideration of $1,875, of which sum $468.75 was paid in cash, and the balance was to be paid in three equal annual payments, the last payment maturing on April 10, 1913. Deferred payments were to bear interest at the rate of eight per cent. The contract provided that, upon the completion of the payments, the defendant was to furnish to the purchaser a copy of the abstract of title showing marketable title, and transfer and convey said land to the purchaser by warranty deed. The plaintiff went into possession of the land under the contract, and expended $50 in improvements thereon.

Nearly a year after the contract had been entered into, the plaintiff brought this action, alleging that the defendant, with intent to deceive and defraud the plaintiff, falsely represented that the said five-acre tract of land was its property; and the plaintiff relied upon these representations, entered into a contract to purchase the land, and paid thereon the sum of $468.75; that in truth and in fact, the said land was not the property of the defendant, but was the property of the United States; that the plaintiff, in accordance with the

terms of the contract, entered upon said land and expended in improvements thereon the sum of $50; that by reason of the premises, the plaintiff has been damaged in the sum of $518.75. The plaintiff prayed judgment .for that amount, together with his costs and disbursements. This complaint was filed on the 25th day of February, 1910. The issues were subsequently made up, but the cause did not come on for trial until the 22d day of November, 1911. When the cause was called for trial, the plaintiff was granted leave to amend the complaint by interlining in the prayer for relief "that the agreement of purchase be declared void." At the trial, it was shown that the defendant had, after the execution of the contract, acquired title to the land, and tendered a deed of the property to the plaintiff, provided the balance due thereon was paid.

It is argued by the appellant that, at the time the complaint was filed, the respondent did not have title to the land, and by reason of that fact the respondent could not at that time convey good title and, therefore, appellant was authorized to rescind the contract. Conceding that this may be the rule, the appellant did not ask for a rescission of the contract at that time; but he alleged that he had been damaged in the sum of money he had expended on the property, and asked only for damages. He did not seek a rescission until the case came on for trial, at a time when the respondent had already acquired title, and was ready, able, and willing to convey upon a completion of the contract. It is plain, we think, that, even though the respondent represented to the appellant at the time the contract was entered into that it was the owner of the title, the appellant was not injured by reason of that fact, because he had not paid for the property, and he was not entitled to a deed at that time. He did not at that time ask for a cancellation of the contract. He sought only to recover damages. No damages had then accrued to him. If he had tendered the amount due, and had demanded a deed which the respondent could not make, he may have been en-

titled to a rescission, and to a return of his money; but this was not done. When he did demand a rescission, the respondent had acquired title and offered to convey upon payment of the amount due under the contract. In *Webb v. Stephenson*, 11 Wash. 342, 39 Pac. 952, this court said at page 345:

"The law seems to be well settled that it is not necessary that a vendor should be owner of the land which he sells. 2 Warvelle on Vendors, p. 766, lays down the rule thus:

" 'That the defendant is unable to carry into execution the contract he has made affords no ground of defense in an action for specific performance, for parties may lawfully contract for the sale of property which at the time of making the agreement is not within the vendor's power to convey.'

"This text is fully supported by the authorities. In *Rutland v. Brister*, 53 Miss. 683, the court said:

" 'A person may bargain to convey land to which he has no title, legal or equitable. When the time for performance comes, he fulfills the obligation, if he induces him who has the title to convey to the vendee. The parties to the executory contract of sale sustain towards each other the relation of vendor and vendee, and an equity would arise for the unpaid price. There is no force in the objection that the party had no title at the date of his contract, and that it did not come through him. If he has caused a good title to be conveyed he has discharged his obligation quite as much so as the debtor who procures another to pay his note.'

"This seems now to be the universal holding of the courts."

The sole ground upon which the complaint for damages was based was that the respondent did not have title to the land; that it represented to the appellant that it did have title. Conceding, without deciding, that the appellant may have rescinded the contract when the complaint was filed, he did not ask for a rescission at that time, but asked only for damages. At that time, it is clear that he was not damaged, and could not be damaged until the respondent neglected to acquire and transfer the title to him after he had performed his contract. The respondent acquired title before the contract had matured; and at the time of the trial was able and

offered to convey. The appellant did not seek a rescission until after the respondent had acquired title. It seems clear that he was not entitled to a rescission nor to damages upon the grounds alleged. *Skoog v. Columbia Canal Co.*, 63 Wash. 115, 114 Pac. 1034.

The judgment of the lower court is therefore affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.