[No. 17007.   Department One.   August 31, 1922.]

## A. J. PARK, *Appellant*, v. J. D. McCoy *et al.*, *Respondents.*[1]

VENDOR AND PURCHASER (114)—RIGHTS OF PARTIES—ASSIGNEES OF CONTRACT OR TITLE. A contract for the purchase of land, forbidding its assignment or transfer of any interest, is not violated by the purchaser's independent contract to sell the land to another.

SAME (18, 160)—REQUISITES OF CONTRACT—DESCRIPTION. The vendor is not entitled to the earnest money where the earnest money contract called for an entirely different description and for more land than the formal contract which was tendered, even though the vendee examined the property, when he relied on the description in the earnest money receipt.

EVIDENCE (148)—PAROL EVIDENCE TO VARY WRITING—CONTRACT FOR SALE OF LAND. Oral evidence that a purchaser knew what he was buying is inadmissible to prove that the description in his earnest money receipt was wrong and not the land he had purchased.

VENDOR AND PURCHASER (63)—RESCISSION BY VENDEE—DEFECT IN TITLE. The purchaser of land under the understanding that his vendor was the owner, and had good title, is entitled to rescind upon discovering that the vendor held only a contract to purchase.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 15, 1921, upon findings in favor of the defendants, dismissing an action on contract, tried to the court.   Affirmed.

*Jas. A. Dougan,* for appellant.

*Byers & Byers,* for respondents.

BRIDGES, J.—On or about January 22, 1921, Turner-Hutchinson & Company, real estate agents in Seattle representing the appellant, and the respondents, negotiated a deal for the sale of certain real estate presumed to belong to the appellant. At that time the agreement was reduced to a writing called an earnest

[1]Reported in 208 Pac. 1098.

money receipt. This instrument provided that the real estate agents were selling on behalf of the appellant: "2-¼ acres—a portion of the S½ and the SE¼ of the SW¼ of section 7, Tp. 26, N. R. 4 E. W. M.," for a consideration of $5,400, $500 of which was to be paid down in cash, and $1,500 more upon the acceptance of the title by the respondents, at which time a formal contract was to be entered into between the appellant and the respondents which would recognize that $2,000 of the purchase price had been paid and that the balance would be paid on certain monthly payments, and when all the payments had been made the appellant was to give a clear title. This so-called earnest money receipt further provided that an abstract of title to the property would be furnished to the respondents, and they should have five days within which to examine it for the purpose of determining whether the title to the property was satisfactory to them. This instrument was executed by the real estate agents and by the respondents, and in writing approved by the appellant.

At the time of executing the earnest money receipt, the respondents gave to the appellant their check for $500, being the money agreed to be paid at the execution of the instrument. Shortly thereafter an abstract of title was furnished. Respondents raised objection to the title on account of three old judgments which appeared to be liens on the property. The appellant at once caused these judgments to be satisfied. At about this stage of the proceedings the appellant caused to be drawn a formal agreement between himself and the respondents, as contemplated by the earnest money receipt, and submitted it to the respondents with a request for the payment of the additional $1,500 agreed to be paid down in cash. This formal

instrument was never executed by the respondents and they refused to make any further payments, apparently on the ground that the property which the appellant intended to convey to them was not the identical property which was described in the earnest money receipt, and for the further reason that the appellant at that time was not the owner of any portion of the property, but that he had agreed to purchase it from a Mr. McCall on monthly payments. The respondent notified the bank upon which his check for the $500 had been drawn not to pay it. Appellant thereupon brought suit on the check to recover the amount of $500. The respondents answered, denying that they owed that or any sum, and further pleaded that the check was given in pursuance of a certain agreement to purchase certain lands of the appellant, and that the appellant was not in position to and was not willing to carry out the terms of such agreement, and that, therefore, the consideration for the check had failed. The trial court dismissed the action, and this appeal results.

In the court below and here, the respondents have contended that this case must fall because the contract whereby McCall, the original owner, agreed to sell this particular property or a part of it to appellant expressly provided that the appellant should not assign or transfer it, and that, since McCall at all times refused to permit such transfer or sale, the consideration for the original check given by the respondents failed. The trial court seems to have been led into this error. This feature of the case is unimportant. The McCall contract simply forbade the appellant assigning or transferring it, or any interest in it. The appellant did not undertake to violate that provision. He was not selling or transferring to the respondents the contract or his interest in it, but was giving an entirely

new and independent contract of sale to the respondents.

However, we think the judgment must be affirmed for at least two reasons. In the first place, the respondents, in the original earnest money receipt, agreed to purchase the 2¼ acres hereinbefore particularly described. The formal contract thereafter drawn and executed by the appellant had an entirely different description than that contained in the earnest money receipt, and it is asserted, and appears not to be seriously denied by the appellant, that the description in the formal contract covered a less amount of land than the 2¼ acres mentioned in the earnest money receipt. This, in our judgment, would authorize the respondents to stop payment on the $500 check. They were entitled to receive the identical property described in the earnest money receipt. The appellant contends, however, that respondent examined the property before the earnest money contract was entered into and understood just what he was buying and knew that he was buying, not the identical land described in the earnest money receipt, but that described in the formal contract as drawn. The testimony fails to substantiate this contention of the appellant, and if it did, the respondents had a right to rely upon the description given in the earnest money receipt, and oral evidence was not admissible to prove that the description there was wrong.

Another reason why the judgment should be affirmed is that the appellant was not the owner of the property involved. He had only entered into a contract for the purchase of it. Appellant contends that this can make no difference, because all he was required to do was to have the title when the time came to give a deed to it. It is not necessary to here decide whether this contention is sound as a general proposition. The

earnest money receipt contract contemplated that the appellant was the real owner of the property at all the times in question. It provided for the furnishing of an abstract of title and that "if the title to said premises is not good, or cannot be made good, within thirty days, this agreement is void, and the earnest money herein receipted for shall be refunded." The respondents had a right to, and doubtless did, give their check for $500 on the assumption that the appellant was at that time the owner of the property, or, if not then, would become such within the thirty days he had for making the title good. Having discovered that the appellant did not own the title, the respondents had a right to annul the whole proceeding and stop payment on the check, or, had the check been cashed, rescind the contract and recover the amount paid.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.