[No. 19172. Department Two. July 17, 1925.]

## J. C. HUBBARD, *Respondent*, v. HERMAN NEUBERT *et al.*, *Appellants*.[1]

REFORMATION OF INSTRUMENTS (21)—RELIEF AWARDED—DEDUCTION OF PURCHASE PRICE. In an action to reform a contract for the purchase of a house and lot, because of a misdescription, the house not being entirely on the lot, in which a reduction in the purchase price is asked in the sum required to move the house onto the lot, a contingent judgment is properly entered, granting the reduction from the last payment, in case the vendor is unable at that time to convey a good title to the house and lot as described.

VENDOR AND PURCHASER (95)—DEDUCTION OF PURCHASE PRICE—PERFORMANCE OF CONTRACT—TENDER. A vendee is not entitled to take advantage of a supplemental agreement reducing the purchase price, if the entire balance be paid within ten days, where no tender thereof was made within the time limited.

Appeal from a judgment of the superior court for King county, Smith, J., entered June 19, 1924, upon findings in favor of the plaintiff, in an action to reform a contract, tried to the court. Affirmed.

*George Gregory*, for appellants.

*Arthur H. Hutchinson*, for respondent.

MACKINTOSH, J.—The respondent had, for a considerable time, been making payments to the appellant on a contract for the purchase of a house and lot. According to the terms of the contract, the respondent was to pay the sum of $25 per month until the purchase price had been paid. The contract gave him the privilege, however, of paying at any time a larger sum than $25. Respondent discovered that the house was not entirely upon the lot, but extended over on one side upon the city street, and on the other side upon the property of an adjoining owner. He then commenced this action, not to rescind the contract but to reform it, setting up

[1]Reported in 237 Pac. 718.

that the property had been misdescribed to him and. that he was entitled to a reduction in the purchase price by reason of such misrepresentation. The trial court found with him and decreed that a reduction in the purchase price of $400 should take place, the reduction to be "taken from the final end of the said contract unless, however, the said defendant is able to give good and marketable title to the lands described in the said written and oral contract, in which case the plaintiff is entitled to no damages by reason of misrepresentations."

From this decree the owners have appealed, contending chiefly that the action is unwarranted for the reason that the undisturbed possession and enjoyment of the property conveyed by the contract is now his as much as it ever was, and that until he has paid the full purchase price he has suffered no damage and will have suffered none until the contract is fully matured, and then only if the appellant is unable to give title to all of the property conveyed in the contract, citing a line of cases to the effect that parties may lawfully contract to sell property which at the time of making the contract they do not own. *Webb v. Stephenson*, 11 Wash. 342, 39 Pac. 952; *Skoog v. Columbia Canal Co.*, 63 Wash. 115, 114 Pac. 1034; *Morris v. Columbia Canal Co.*, 75 Wash. 483, 135 Pac. 238; and *Finch v. Sprague*, 117 Wash. 650, 202 Pac. 257.

Attention is also called to the fact that this is not an action for rescission, but is essentially an action for damages, and that, no damages having accrued, the court was in error in awarding damages. We cannot agree with appellant's view of the situation. The action is really an action for the reformation of the contract, the reformation being in the nature of a reduction of the purchase price by reason of the pur-

chaser's not receiving all that the seller had agreed to convey. It is true that, on the final payment of the purchase price, the appellants may be in a position to convey exactly what they contracted to and that the respondent will have suffered no damage and be entitled to no reduction in the amount which he agreed to pay. But the trial court's decree provides for this very contingency and is not a judgment for the respondent for $400 damages to which he would be entitled in any event; but is in the nature of a contingent decree, providing that, if the respondent does not finally procure what the appellants had agreed to give him in the way of having a house situated upon the land agreed to be conveyed, in which event he could only be compelled to pay the original purchase price, less $400. If, when the respondent is finally entitled to a deed, the appellants can convey exactly what they agreed to convey, then they are entitled to the exact amount the respondent agreed to pay. If, before respondent is entitled to a conveyance, there is no longer any necessity of moving the house, he would not be entitled to the $400 which the court awarded as the reasonable amount necessary to effect a removal of the house to the land which appellant owned at the time he made the contract. In our view, the trial court was correct in making the decree it did. It fully protects the rights of both parties and does not penalize the appellant for something which may not occur, and awards to respondent what, under the record, is a justifiable amount in the event that the appellant cannot fully perform his contract.

Respondent asks to be allowed to take advantage of a supplemental agreement of the appellant reducing the purchase price by $150 if the entire balance of the contract price was paid within ten days. While the

respondent may have been entitled to this discount if he had made a tender of the balance due within the stipulated time, the record does not show that such tender was ever made, and the time having passed without payment or tender thereof, the respondent is no longer entitled to such reduction of the price.

Finding no error in the decree, it is affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MAIN, JJ., concur.