[No. 21983. Department Two. November 26, 1929.]

B. SEVIGNY *et al., Respondents,* v. WARD O'NEILL, *Appellant.*[1]

*Selden & Lee,* for appellant.
*A. G. Laffin,* for respondents.

FRENCH, J.—Respondent was the owner of certain property in the Puyallup valley near Tacoma, the same being berry land and containing between five and six acres. In July, 1927, appellants purchased the land under an executory contract of sale, wherein and whereby it was agreed that the deferred payments of approximately five hundred dollars a year should be made on or before October 1 of each year, beginning October 1, 1927. Appellants entered into possession of the land, but failed to make the first payment promptly. Written notice being served upon them, one hundred dollars of the payment due on October 1, 1927, was paid either in November or December of that year, there being some dispute as to the date; and in June, 1928, $441, being the balance of principal and interest due up to that time, was paid. Respondent,

[1]Reported in 282 Pac. 215.

claiming the right to refuse to accept the payment of $441, tendered the same into court and brought this action claiming a default of the contract because of the fact that the payments had not been promptly made, and that the land had not been cared for and cultivated properly. Appellants answered and asked for a rescission of the contract on the ground and for the reason that the land, as described by the metes and bounds description contained in their contract, did not include all of the land that had been pointed out to them as being included in the tract, and particularly claiming that certain of the buildings overlapped the line of the metes and bounds description. Appellants also claimed the right to rescind on the ground of fraud.

The case came on for trial and the lower court held that respondent was not entitled to declare a forfeiture of the contract, and that the appellant was not entitled to a rescission of the contract, and this appeal follows. ■ It is admitted that appellants are not entitled to a rescission of the contract on the ground of fraud. The only question raised is whether or not appellants are entitled to a rescission on the ground and for the reason that certain land pointed out as belonging to the property in question is not contained within the legal description given in the contract, and probably was not owned by the respondent at the time of the execution of the contract. This court has held that, where a vendor under an executory contract for the sale of land has no title to the land which he has contracted to sell and cannot or will not perfect a title thereto, that constitutes just ground for rescission. *Henderson v. Miller,* 119 Wash. 362, 205 Pac. 1. But in that case, the court said:

"The almost universal holding of the courts is that the fact that a vendor in a contract for the sale of land

is not the owner thereof at the time of making the contract is not of itself ground for rescission on the part of the purchaser. It is a question of conveying the title or having it conveyed to a purchaser when the time of performance comes. *Webb v. Stephenson*, 11 Wash. 342, 39 Pac. 952; *Morris v. Columbia Canal Co.*, 75 Wash. 483, 135 Pac. 238.''

In the instant case, there is no question of the ability of respondent to convey the land described in the contract. He has good title to that portion of the land as shown by his deed—at least his title is no place questioned in this action. During the course of the trial, and when it was discovered that the buildings were partially without the land described in the contract, respondent offered to, and did, procure a deed to that portion of the land which appellants claim was pointed out to them, offered the deed in evidence, but it was refused, and it is apparent from his procuring the deed and offering it that he will be able to convey good title to the land which it is claimed was pointed out, if appellants make their future payments. This is an equity case and respondent offered to do equity, and while it is true that the contract probably should be reformed to include the land which was actually pointed out and which is actually occupied by the buildings, respondent has offered to do this.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.