[No. 25018. Department Two. August 18, 1934.]

BERTHA E. NAGEL *et al., Respondents,* v. EDWARD L. EDMONSTON *et al., Appellants.*[1]

*W. B. Mitchell,* for appellants.
*Brown & Weller,* for respondents.

BLAKE, J.—October 9, 1924, the defendants herein entered into a contract with John A. MacDougall and wife wherein the latter agreed to sell, and the defendants agreed to buy, certain real estate in Spokane. The purchase price was $2,300, of which $250 was paid upon the execution of the contract. The balance of $2,050 was payable at the rate of twenty-five dollars a month, with interest, on the tenth day of each month, beginning November 10, 1924. The plaintiffs succeeded

[1]Reported in 35 P. (2d) 64.

to the MacDougalls' interest in the contract and the property.

On May 11, 1932, defendants were in default in payments due under the contract in the sum of $559.42. They also had allowed taxes (which, under the contract, they were obligated to pay) to become delinquent. On that date, plaintiffs notified defendants that the contract would be canceled unless the contract was brought into good standing within thirty days by payment of the taxes and past due installments.

Defendants having failed to make the necessary payments, plaintiffs brought this action to cancel the contract and quiet title to the property. December 5, 1932, the trial court, after finding the facts substantially as herein narrated, entered an interlocutory order, wherein it was provided that defendants should have until March 1, 1933, to make the payments due under the contract. The decree further provided that, in case defendants failed to make the payments within the time limited, a decree would be entered canceling the contract and quieting title to the property in plaintiffs. The defendants having failed to make the payments, the court did, on May 15, 1933, enter a decree to that effect. Defendants appeal.

Respondents and the MacDougalls accepted payments on the contract after such payments were due. As we understand one phase of appellants' position, it is that respondents thereby waived their right to declare a forfeiture and cancel the contract. Of course, this is not the consequence of the vendor's acceptance of delinquent payments. He only loses his right to declare a forfeiture under a clause making time the essence of the contract. He must notify the vendee of his intention to declare a forfeiture, and give the vendee a reasonable time within which to

make the delinquent payments. *Reinertson v. Grant,* 140 Wash. 372, 249 Pac. 493; *Great Western Investment Co. v. Anderson,* 162 Wash. 58, 297 Pac. 1087. This, respondents did.

The contract provided that the vendors should furnish an abstract or certificate of title, and deposit it, with the contract and deed, with the escrow holder. Through inadvertence, the vendors failed to do this. Upon demand, however, they promptly supplied a certificate of title. It was delivered May 9, 1932—two days before notice of intention to cancel was given. Respondents' default in this respect had been theretofore waived by appellants. *Alhadeff v. Van Slyke,* 176 Wash. 244, 29 P. (2d) 797.

On July 9, 1930, a supplemental contract was entered into between appellants and respondents whereby appellants acknowledged receipt of three hundred dollars from respondents, and agreed that that amount should be added to the balance then due on the real estate contract, and paid according to its terms. Appellants testified that they actually received only two hundred fifty dollars; that the other fifty dollars was retained by respondents as a bonus for making the loan. It is appellants' contention that the interest on the loan was, therefore, usurious. The respondents flatly contradicted the testimony of appellants on this issue. The trial court believed the respondents. It is a case where the trial court had a distinct advantage over us in ascertaining the truth. *King v. Brehme,* 174 Wash. 61, 24 P. (2d) 453. There is nothing in the record that would justify us in reaching a different conclusion.

Judgment affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.