[No. 8886. Department Two. January 5, 1911.]

GEORGE WALKER *et al.*, *Respondents*, v. ROBERT McMURCHIE, Trustee, *et al.*, *Appellants*.[1]

VENDOR AND PURCHASER—CONTRACT—NONPAYMENT—FORFEITURE—WAIVER. Where a vendor lived near the land and knew of improvements being made, and took no steps to obtain any payment of principal or interest upon the contract for over three years, equity will not enforce the right of forfeiture until demand is made for payment or reasonable notice is given; and there is no such notice, either by demand for interest, or by notice of forfeiture given to the original vendee, after knowledge that he had assigned the contract to a company, then in possession and managed by another, to whom waiver of forfeiture had been given.

Appeal from an order of the superior court for Snohomish county, Steiner, J., entered December 20, 1909, granting plaintiffs a new trial, in an action on contract. Reversed.

*Cooley & Horan* and *Robert McMurchie*, for appellants.

*Hathaway & Alston*, for respondents.

MORRIS, J.—On June 17, 1904, the Walkers and Robert McMurchie, trustee, entered into an agreement for the sale and purchase of certain lands in Snohomish county. The purchase price was $2,750. Of this amount $350 had been paid and received as earnest money, and the balance was to be paid as follows: $337.50 on the day of the date of the contract; $412.50 on or before August 1, 1905, and $412.50 on or before each succeeding August 1, until the full purchase price had been paid. Time was made of the essence. On July, 1904, $337.50, by the terms of the contract due June 17 previous, was paid, and on December 6, 1905, $180.30, balance due August 1 previous, after deducting the agreed price of an improvement, was paid. No other payments were made. On July 2, 1904, McMurchie, trustee, assigned the contract to the Snohomish Berry & Fruit Com-

[1]Reported in 112 Pac. 500.

pany, which immediately went into possession of the property, and commenced making improvements thereon, and ever since has so remained in possession. The two payments in July, 1904, and December 6, 1905, were made by the company to Walker, and it is apparent from the record that Walker knew that the company had succeeded to McMurchie's rights under the contract, and was in possession because thereof. Although he denies any dealings with any one representing the company, he admits he understood McMurchie sold his interest. McMurchie was at all times a trustee of the company, and part of the time its secretary.

Subsequently to December 6, 1905, neither party seems to have paid any attention to the contract, until in April, 1909, Walker deposited the contract in a bank and instructed its cashier to demand the payment of interest, and the bank did in writing so demand of McMurchie, who was at the time a trustee of the company, but taking no active part in its management. The general manager and treasurer of the company was H. S. Wright, and after the bank made its demand of interest of McMurchie one of its officers requested McMurchie to see Wright and have him pay the interest. This it appears was not communicated to Wright; nor is it shown he had any knowledge of the previous demand of McMurchie. No interest was paid and on May 11, 1909, a written notice of forfeiture was served on McMurchie, addressed to him as trustee. On May 14, the company tendered to Walker $2,300, the amount then due on the contract, which was refused as coming "too late," and on May 17, the complaint in this action was served on Wright. The complaint seeks to declare a forfeiture, and the company by its answer asks for a specific performance upon payment of the amount found due. Upon the trial the court found in favor of appellants, holding there was no demand for any of the deferred payments prior to the commencement of the action, and that respondents had waived the time feature of the payments and the right to forfeit, and ordered a decree

for specific performance. Subsequently, upon motion for a new trial, the court took the view that the demand for interest revived the right to forfeiture, and ordered a new trial, from which order defendants appeal.

The basis of the court's finding, that there was a waiver of the time feature of the contract, was its finding from the evidence that, after the company went into possession of the land, and had expended about $1,000 in improving and cultivating it, an understanding was reached between Walker and Wright that a strict performance of the contract would be waived, and that no money need be paid thereunder until demanded by Walker. Although Walker denies such an understanding, we agree with the court that the evidence establishes its existence, strengthened by the fact that Walker lived near the land, knew at all times what was being done thereon in the way of improvement and cultivation, and from December 6, 1905, until April, 1909, made no effort to obtain any payment of either principal or interest upon the contract. Such a forbearance was the result of either an understanding or waiver, or else it was laches. In either event, it would defeat a right of forfeiture until·a demand for payment, or other distinct notice of a purpose to enforce a forfeiture unless payment be made, and the lapse of a reasonable time to comply therewith. Equity has ever been jealous of the right of forfeiture, and has never enforced it unless the right thereto has been so clear and insistent as to permit of no denial. And when a party to a contract waives a default in its terms as to payment, he cannot again establish his right to proceed strictly thereunder, until he has given due notice of his intention to the other party. 29 Am. & Eng. Ency. Law (2d ed.), 685; *Cole v. Hines*, 81 Md. 476, 32 Atl. 196, 32 L. R. A. 455; *Watson v. White*, 152 Ill. 364, 38 N. E. 902. Such is the announced rule in this court. *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096.

It is understood that it frequently occurs that a party to

a contract who does not take immediate steps to forfeit it upon default being made, does not thereby lose his rights thereunder, as in *Garvey v. Barkley*, 56 Wash. 24, 104 Pac. 1108. It also frequently occurs, as in *Beltinck v. Tacoma Theater Co.*, ante p. 132, 111 Pac. 1045, where the payments are not made when due, but are accepted thereafter, but frequent demands for payment are made and frequent protests against the failure to pay, that such acts do not constitute a waiver. The insistent demands and the frequent protests in the latter case sufficiently assert the right to insist upon a strict performance and protect such right when asserted. But where, as here, we find no demand from the one in possession for over three years, and there is evidence that it was because of an understanding that a strict compliance with the contract would not be insisted upon, it would be inequitable to hold the right to forfeit existed, without putting the other party upon notice of such an intention to so claim. The demand of interest of McMurchie in April, 1909, was not such a notice. Walker knew McMurchie had parted with his interest; he knew the company was in possession of the land; he knew Wright, with whom we find, as did the court below, he had made his agreement to waive a strict performance, was representing the company in its possession and cultivation of the land. Under such circumstances the demands of McMurchie, although a trustee of the company, was not a sufficient or proper demand to revive the right to forfeit. Neither was the notice addressed to McMurchie May 11 sufficient to forfeit the contract against his assignee, the company, under the knowledge of the facts of the situation then known to Walker.

We are therefore of the opinion that the court below was right in its findings upon the trial, and that it was error to grant the new trial, and the order granting same is reversed, and the cause remanded for the entry of judgment upon the findings and conclusions as made by the court.

RUDKIN, C. J., CHADWICK, CROW, and DUNBAR, JJ., concur.