[No. 13047.   Department One.   April 6, 1916.]

EPHRAIM BANNING, *Appellant*, v. COMMERCIAL ORCHARDS
COMPANY OF WASHINGTON, *Respondent*.[1]

VENDOR AND PURCHASER—TIME—TENDER OF PERFORMANCE.  Where
a specific time is not fixed for the delivery of a deed, the vendor
has a reasonable time after payment to make and tender it.

SAME—RESCISSION BY VENDEE—DELAY — WAIVER.  Rescission by
vendee for delay, and stipulations making time of the essence, are
waived where he accepted interest payments after time for per-
formance, retained an outstanding deed, and made no demand for
deed and abstract or offer to put the vendor *in statu quo*.

SAME—RESCISSION—ACTIONS—DEFENSES.  A vendee's action for
rescission for delay in making the deed, although in form for sums
paid and damages, is subject to equitable defenses.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered April 2, 1915, upon findings
in favor of the defendant, in an action for rescission, tried to
the court.  Affirmed.

*D. R. Glasgow* and *A. O. Colburn*, for appellant.

*Voorhees & Canfield*, for respondent.

CHADWICK, J.—Respondent contracted to convey a cer-
tain tract of orchard land to appellant.  The payments being
completed, respondent delayed the tender of a deed because
the engineer who had platted the ground was in Canada, and
had not furnished a plat properly certified for filing.  After
some correspondence and negotiations, respondent delivered
a deed sufficient in form to convey the land.  Respondent re-
quested that the deed be withheld from the record until the
engineer had finished certain work he was then engaged upon
and could return and finish his plats.  This seems to have
satisfied appellant for the time being.  The contract called
for certain interest payments pending the final transfer of

[1]Reported in 156 Pac. 547.

the property. These were paid by respondent and accepted by appellant. Respondent finally had a plat of the property prepared from the original. Between the acceptance of the first deed and the acceptance of the interest payments and the final tender of the deed and abstract, appellant began this action to rescind the contract.

The trial judge found—and his findings are sustained by the evidence—that there was delay in the final payment by appellant which was waived by respondent; that, at all times after the final payment and up to the commencement of this action, which was the first notice given by appellant of his intent to claim rescission, appellant had treated the property as his own, and had waived the stipulations making time of the essence of the agreement—that being the condition upon which he now relies; and that he could not maintain the action without first giving notice of his intention to rescind and allowing reasonable time for compliance with the obligation to deliver an abstract and deed and offering to restore all moneys received from respondent as interest, or to give credit therefor and putting respondent in *statu quo* by a redelivery of the deed first executed which was then outstanding. Rescission is an equitable remedy, and one who seeks it must do equity. 2 Warvelle, Vendors, § 930; *Reidt v. Smith*, 75 Wash. 365, 134 Pac. 1057.

The contract provided that the respondent

". . . shall and will, upon the completion of the payments aforesaid, make, execute and deliver a good and sufficient deed conveying to said party of the second part a perfect title to the real property hereinabove described."

Where a specific time is not fixed for the delivery of a deed, the vendor shall have a reasonable time after payment to make and tender it. *Skoog v. Columbia Canal Co.*, 63 Wash. 115, 114 Pac. 1034.

Or if the contract be treated as one fixing a definite time, appellant, by his delay and conduct with reference to the property, has waived the element of time and concurrent delivery

of the deed, and must, if he would rescind, give notice of his intention to claim his equitable rights, that is, to rescind unless a deed is forthcoming within a reasonable time thereafter. *Owen v. Pomona Land & Water Co.*, 131 Cal. 530, 63 Pac. 850, 64 Pac. 253. See, also, on principle, *Walker v. McMurchie*, 61 Wash. 489, 112 Pac. 500; *Watson v. White*, 152 Ill. 364, 38 N. E. 902.

If we treat the complaint as a demand for a deed—although it is, in form, a demand for the sums paid and damages—it invites the interposition of equitable defenses and will be given no broader construction than the right to which appellant is entitled. When measured by all the equities of the case, the tender of the abstract and deed with the answer was a tender within a reasonable time.

The right of appellant to recover is not within either the facts as disclosed by the record, or the law as it is found in the books. Wherefore the decree of the lower court is affirmed.

Morris, C. J., Mount, Ellis, and Fullerton, JJ., concur.