(March 23, 1927.)

THOMAS CLINTON and MINNIE M. CLINTON, His
Wife, Respondents, v. I. W. MEYER and MINNIE
MEYER, His Wife, Appellants.

[255 Pac. 316.]

QUIETING TITLE — RIGHT OF ACTION — CLOUD ON TITLE — CONTRACT
AUTHORIZING FORFEITURE—ACTION BY VENDOR—EQUITY—JURISDIC-
TION—FORFEITURES.

1. Vendor of real estate, under contract authorizing for-
feiture for failure to make payments in time and in manner
specified, may, after giving notice of declaration of forfeiture,
maintain action to quiet title without foreclosing contract as
a lien, notwithstanding C. S., sec. 6349, rendering contracts for
forfeiture of property subject to lien void.

2. Equity will never by affirmative action enforce a for-
feiture, but will leave the party to a remedy at law.

3. A court of equity will not, in general, allow an otherwise
clear title to be clouded by a claim unenforceable at law or in
equity.

4. Though equity does not enforce a forfeiture, it neverthe-
less fails to relieve against a forfeiture, when no equitable ground
for such relief exists.

APPEAL from the District Court of the Eleventh Judicial
District, for Twin Falls County. Hon. William A. Babcock,
Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

Turner K. Hackman, for Appellants.

Under equitable principles provided for in C. S., sec.
6591, Meyer and wife were the real owners of the land in-

Publisher's Note.
    2. See 10 R. C. L. 336.
    4. See 10 R. C. L. 331.

    See Equity, 21 C. J., sec. 75, p. 101, n. 85 New; sec. 81, p. 104,
n. 44; p. 105, n. 45.
    Quieting Title, 32 Cyc., p. 1314, n. 58, p. 1322, n. 9.

volved in this action and Clinton and wife only had a vendors' lien upon said land, which in equity was in substance a mortgage and could only be enforced under foreclosure proceedings. (1 Pomeroy's Eq. Jur., 3d ed., secs. 105, 368, 369, 372; 3 Pomeroy's Eq. Jur., secs. 1260, 1261; *Speicher v. Lacy,* 28 Okl. 541, 115 Pac. 271, 35 L. R. A., N. S., 1066; C. S., secs. 6408, 6409, 6410; *Dingley v. Bank of Ventura,* 57 Cal. 467, 470, 471; *Gessner v. Palmateer,* 89 Cal. 89, 24 Pac. 608, 26 Pac. 789, 13 L. R. A. 187–189; *Nixon v. Marr,* 190 Fed. 913, 111 C. C. A. 503, 36 L. R. A., N. S., 1067; *Ferguson v. Blood,* 152 Fed. 98, 82 C. C. A. 482; *Wheeling Bridge & Terminal Ry. Co. v. Raymann Brewery Co.,* 90 Fed. 189, 32 C. C. A. 571; *Wells v. Francis,* 7 Colo. 396, 4 Pac. 49; *Hurt v. Jones,* 75 Va. 341.)

The principles of the common law as distinguished from equitable principles are not applicable to the instant case, for the reason that principles of the common law and the rules governing an executory contract for the sale of land are entirely at variance with equitable principles upon the same subject. (1 Pomeroy's Eq. Jur., 3d ed., sec. 367.)

Under the universal rule of equity principles and C. S., sec. 6349, a court of equity will never enforce a penalty or forfeiture, and the provision for forfeiture of the contract involved in this action is void. (*Keller v. Lewis,* 53 Cal. 113, 118; 3 Story's Eq. Jur., 14th ed., sec. 1732; *McCormick v. Rossi,* 70 Cal. 474, 15 Pac. 35; *Cheney v. Bilby,* 74 Fed. 52, 20 C. C. A. 291; *Donoghue v. Tonopah Oriental Min. Co.,* 45 Nev. 110, 15 A. L. R. 937, 198 Pac. 553; *Solomon v. Franklin,* 7 Ida. 316, 62 Pac. 1030.)

The case involved the rescission or cancellation of a contract and that plaintiff in order to rescind must offer to refund the amount received less reasonable rent. (2 Black on Rescission and Cancellation, secs. 688, 694; *Shiveley v. Semi-Tropic Land & Water Co.,* 99 Cal. 259, 33 Pac. 848; *Drew v. Pedlar,* 87 Cal. 443, 22 Am. St. 257, 25 Pac. 749; *Phelps v. Brown,* 95 Cal. 572, 30 Pac. 774; *Lytle v. Scottish American Mtg. Co.,* 122 Ga. 458, 50 S. E. 402; *Frink v. Thomas,* 20 Or. 265, 25 Pac. 717, 12 L. R. A. 239; *Howard*

*v. Stillwagon,* 232 Pa. 625, 81 Atl. 807; *Quigley v. King,* 182 Mo. App. 196, 168 S. W. 285; *Waters v. Pearson,* 163 Iowa, 391, 144 N. W. 1026; *Pierce v. Staub,* 78 Conn. 459, 112 Am. St. 163, 62 Atl. 760, 3 L. R. A., N. S., 785; *Reidt v. Smith,* 75 Wash. 365, 134 Pac. 1057; *Davis v. Wilson,* 55 Or. 403, 106 Pac. 795; *Nason v. Patten,* 88 Kan. 472, 129 Pac. 138; *Smith v. Moore* (Tex. Civ. App.), 155 S. W. 1017; *Rose v. Garn,* 56 Utah, 533, 191 Pac. 645; *Cooley v. Call,* 61 Utah, 203, 211 Pac. 977.)

J. W. Taylor, for Respondents.

Without an equitable conversion there can be no vendor's lien under an executory contract for the sale of land; and where in such contract time is made of the essence, equitable conversion does not take place. (1 Pomeroy's Eq. Jur., sec. 365, note 1; *Douglas Co. v. Union Pacific R. R.,* 5 Kan. 615.)

In an executory contract for the sale of land, providing that the vendee on failure to perform shall forfeit payments already made, if time is made of the essence of the contract, a forfeiture will be sustained, both at law and in equity. (1 Pomeroy's Eq. Jur., sec. 445; 1 Black on Rescission and Cancellation, sec. 216; Pomeroy on Spec. Perform., secs. 361, 362; *Williams v. Skelton,* 40 Ida. 741, 237 Pac. 412; *Holverson v. Evans,* 38 Ida. 428, 224 Pac. 1067; *Walsh v. Coghlan,* 33 Ida. 115, 190 Pac. 252; *Bowers v. Bennett,* 30 Ida. 188, 164 Pac. 93; *Oconto Co. v. Bacon,* 181 Wis. 538, 40 A. L. R. 175, 195 N. W. 412; *Papesh v. Wagnon,* 29 Ida. 93, 157 Pac. 775; *Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294; *Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Prairie Dev. Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Castleberry v. Hay,* 8 Ida. 670, 70 Pac. 1055; *Hawkins v. Thurman,* 1 Ida. 598; *Glock v. Howard & Wilson Colony Co.,* 123 Cal. 1, 69 Am. St. 17, 55 Pac. 713, 43 L. R. A. 199; *Cue v. Johnson,* 73 Kan. 558, 85 Pac. 598; *Reese v. Westfield,* 56 Wash. 415, 105 Pac. 837, 28 L. R. A., N. S., 956; *Harper v. Independence Dev. Co.,* 13 Ariz. 176, 108 Pac. 701; *Baston v. Clifford,* 68

Ill. 67, 18 Am. Rep. 547; *Grey v. T̪ubbs,* 43 Cal. 359; *Oconto Co. v. Bacon, supra.*)

BRINCK, Commissioner.—This action is brought to quiet title to land owned by plaintiffs, as against the claims of defendants under a contract whereby plaintiffs agreed to sell to them the land for an agreed sum, payable in part in deferred instalments, the first two of which instalments became due on January 21, 1922, and January 21, 1923, respectively; defendants further agreeing to pay certain taxes, water maintenance charges, and interest on an existing mortgage. The contract contained the following provision:

"It is understood and agreed that time shall be the essence of this agreement, and that in the event the said parties of the second part shall fail, neglect, or refuse to make the payments at the time, and in the manner as herein provided, or shall fail to keep the terms and conditions of this agreement, it shall be optional with the said parties of the first part to declare this contract forfeited, and upon making such declaration all rights of the parties of the second part to complete said purchase shall terminate, and be at an end, and the said parties of the first part may, at their option, retain any moneys paid as a part of the purchase price, as and for liquidated damages for such failure or breach."

Default having been made by the defendants in the payment of a portion of the first two instalments above mentioned, and in the payment of the taxes, water maintenance and interest, plaintiffs gave written notice of a declaration of forfeiture, and thereafter brought this' action.

Defendants answered, denying many of the allegations of the complaint, and also filed a cross-complaint, praying for a rescission of the contract and return of the payments made by them upon the purchase price. Judgment was rendered for plaintiffs, and defendants appeal from the judgment.

No error is assigned as to the findings, or as to the sufficiency of the evidence to sustain the findings. The assign-

ments of error raise the question of the sufficiency of the findings to sustain the judgment. The only question urged on appeal is as to the validity of the provisions for forfeiture, defendants contending that the plaintiffs must foreclose their contract as a lien and that a forfeiture provision cannot be enforced under our statutes; further contending that plaintiffs' attempted forfeiture amounts to a rescission, which defendants are entitled to accept and that they are thus entitled to demand back their payments theretofore made. Defendants do not contend that the forfeiture was not declared in accordance with the terms of the contract, or was insufficient in any respect, nor that they are entitled to any further time within which to comply with the contract on their part; nor is it questioned that the contract constitutes a cloud on plaintiffs' title.

[1] The question as raised is merely as to the validity in general of a forfeiture provision in a contract of sale of land. The law is so well settled against defendants' contention in this respect that it need hardly be discussed; but they urge that the decisions of this court upon the subject have been rendered without reference to the provisions of C. S., sec. 6349, which they contend render such a provision for forfeiture void. The statute referred to is as follows:

"All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void."

Appellants' contention rests upon the theory that the interest of a vendor in a contract for the sale of land, he reserving title until payment of the purchase price has been made, constitutes a lien upon the land. Their brief on this point consists entirely of excerpts from Pomeroy's Equity Jurisprudence and other texts, and some decisions, holding variously that such vendor has or has not a lien, depending upon the author's definition of what constitutes a lien, and the sense in which it is being discussed. He thus quotes from Pomeroy, Equity Juris., sec. 372, which refers to a

vendor's reservation of title as a lien on the vendee's equitable estate; and from sec. 1260 of the same work, in which the author says that to call the vendor's complete legal title in such case a lien is a misnomer. Whether or not the vendor has a lien is obviously a mere matter of definition. California has a statute identical with C. S., sec. 6349 (Cal. Civ. Code, sec. 2889); and while neither this court nor the supreme court of California, so far as we can discover, has ever been called upon to pass expressly upon the question as to whether the interest of a vendor in such a contract is a lien upon the property in the sense in which the word "lien" is used in the statute, the validity of forfeiture provisions in similar contracts has so often been recognized by the decisions of both states, that it would seem idle, under the doctrine of *stare decisis,* if for no other reason, to inquire whether the term "lien" as used in the statute in question includes within its meaning such vendor's interest; or to cite extensively from the mass of decisions in both states which recognize the validity of such a forfeiture provision. Among the decisions of this court may be cited *Papest v. Wagnon,* 29 Ida. 93, 157 Pac. 775; and see 25 Cal. Jur. 797, sec. 254.

[2]    As to this action, which is one in equity to remove a cloud from plaintiff's title, it is contended, however, that equity will never by affirmative action enforce a forfeiture, but will leave the party to his remedy at law. This is a correct statement of the rule (2 Warvelle, Vendors, 807); although the rule has some apparent exceptions.

[3]    But, on the other hand, a court of equity will not in general allow an otherwise clear title to be clouded by a claim unenforceable at law or in equity. (*Rosenthal v. Donnelly,* 126 Md. 147, 94 Atl. 1030; *Whiteford v. Yellott,* 104 Md. 191, 64 Atl. 936.) And there is no rule that equity will not recognize a forfeiture when it is only one of the incidents of a past transaction. (*Negaunee Iron Co. v. Iron Cliffs Co.,* 134 Mich. 264, 96 N. W. 468.) "As to plaintiffs' complaint being to declare and enforce a forfeiture, appellants' counsel misconceive the purpose of the suit when they

43 Idaho—51

make this assertion. Plaintiffs claim that the forfeiture was completed by proceedings taken by them in accordance with the provisions of the contract, long prior to the commencement of the suit, and that said contracts are therefore void. They do not ask the court to declare or decree any forfeiture, or enforcement of the same, but simply to determine whether the acts of the plaintiffs in forfeiting the contracts under their terms, have been sufficient." (*Merk v. Bowery M. Co.*, 31 Mont. 298, 78 Pac. 519. To the same effect, see *Adams v. Guyandotte Valley R. Co.*, 64 W. Va. 181, 61 S. E. 341; *Pendill v. Union M. Co.*, 64 Mich. 172, 31 N. W. 100; *Cue v. Johnson*, 73 Kan. 558, 85 Pac. 598.)

[4] The vendee in such case is not entitled to any equitable relief against a forfeiture, since though equity does not enforce a forfeiture, it nevertheless fails to relieve against a forfeiture when no equitable ground for such relief exists. (*Oconto Co. v. Bacon*, 181 Wis. 538, 40 A. L. R. 175, 195 N. W. 412.)

This court has, in *Rischar v. Shields*, 26 Ida. 616, 145 Pac. 294, sustained the right of a vendor to quiet his title as against any claim of the vendee, under such circumstances as appear in the present case, and has denied the right of the vendee under such circumstances to recover back payment made by him.

We recommend that the judgment be affirmed, with costs to respondent.

Varian and Johnson, Commissioners, concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., took no part in the opinion.