[No. 21992. Department Two. December 17, 1929.]

JOSEPH WALLIS et al., *Respondents*, v. H. R. ELLIOTT, *Appellant.*[1]

*E. P. Whiting,* for appellant.
*A. J. Collett,* for respondents.

FULLERTON, J.—On November 1, 1927, the respondents Wallis, being then the owners of certain real property situated in the city of Seattle, contracted to sell the property to the appellant, Elliott, at a price of $5,500. Elliott, at the time of the execution of the contract, paid $1,000 in cash on the purchase price, assumed and agreed to pay a mortgage of $2,600 then a lien on the property, and agreed to pay the remainder of the purchase price, $1,900, in monthly instalments of $35 each, the payments to be made on the first day

[1] Reported in 282 Pac. 928.

of each and every month. Elliott made the instalment payments as they matured down to and including the month of August, 1928.

In the meantime, the parties had made another property deal. The respondents followed the business of purchasing unimproved property, erecting houses thereon, and selling the property as improved property. Elliott was a real estate dealer and owned a number of such unimproved properties. The respondents desired to purchase one of such properties, and Elliott was willing to sell it. The property, at that time, was incumbered by general taxes and some unpaid local assessment liens, and the parties negotiated for some time over the terms of the purchase. Elliott desired to make a cash transaction out of the deal; that is, he desired the respondents to take the property at a stated price, assume the incumbrances thereon and pay the difference in cash. The respondents desired Elliott to deed the property to them free and clear of incumbrances and credit the purchase price on the unpaid balance of the contract first above mentioned.

Finally, a compromise agreement was entered into. It was agreed that the respondents should take possession of the property, proceed with the erection of a house thereon and bring it to such a stage of completion that a loan could be obtained on the property; that Elliott should then deed the property to them, that they should then procure a loan, pay the incumbrances, and credit the remainder of the purchase price on the contract. It was in this manner that the agreement was carried out, the final adjustment leaving a balance due Elliott of $415.73. A difference then arose between the parties as to the manner in which this balance should be credited on the original contract. The respondents contended that the agreement was

that it should be credited generally on the contract, reducing the total sum due by that amount, but leaving the time and manner of making the subsequent payments unchanged. Elliott contended that the agreement was to credit the amount found due him on the instalment payments as they matured until the fund was exhausted, at which time he was to renew the monthly payments.

Elliott did not pay the monthly instalment falling due on September 1, 1928, whereupon the respondents served notice upon him to pay the instalment within ten days else they would declare the contract forfeited. Elliott did not make the payment, whereupon the respondents began the present action seeking to forfeit the contract, forfeit to themselves the payments made thereon, and to recover possession of and quiet their title to the property. Elliott defended on the ground that the instalment for which the forfeiture had been declared had been paid by reason of the second transaction above set out. At the conclusion of the evidence, the trial court announced that it would find on the issue in favor of the respondents. The trial was had some months after the action was instituted and a number of instalments falling due on the contract were then unpaid. Elliott, following the announcement of the court, asked the court to find the amounts then due on the contract, permit him to pay them, and reinstate the contract. This relief the court denied, and entered a decree in accordance with the prayer of the complaint. Elliott appeals, contending that the court was in error in its conclusion on the question of fact involved, or, if correct in that conclusion, was in error in refusing to grant him the secondary form of relief asked.

On the first of the questions, we are constrained to follow the conclusion of the trial court. While it is

true that the second agreement was entirely oral, that it was wholly between the respondent husband and Elliott, that the negotiations leading up to it were intermittent and extended over several months in time, and that it is doubtful whether at any single interview the agreement was fully stated in detail, yet we have always recognized the superior situation of the trial court to determine disputed questions of fact, and our rule is to follow that court's finding unless we can say that the evidence preponderates against it. In this instance we cannot so say.

However, we think the court was in error in refusing Elliott the secondary relief for which he asked. The penalty inflicted upon him by the decree of the court for the breach of the contract is, it must be conceded, an extremely harsh one. He, at that time, had not only made an initial payment on the contract of $1,000, had paid the accruing instalments thereon for ten months, and had paid the sum of $415.73 thereon by a sale of property to the appellant, but had paid a year's taxes on the property and a year's interest which had become due on the mortgage thereon which he had assumed. Furthermore, his default was not the result of wilful neglect, carelessness, or intentional delay. He honestly and in good faith believed that the instalment claimed to be due had been paid, and acted upon that belief. Nor can it be said that his belief was so wholly unwarranted as to amount in itself to contumacy. We have hereinbefore set out the manner in which the second transaction was conducted, and it would seem more strange than otherwise if there was not some disagreement as to its minor details.

But we think we need not further discuss the facts. It is enough to say that they are sufficient to warrant a court of equity in granting the relief he asks. It is to be remembered that forfeitures are odious, and

that they are never enforced in equity unless the right thereto is so clear as to permit of no denial. (*Walker v. McMurchie,* 61 Wash. 489, 112 Pac. 500; *Harlan v. McGraw,* 107 Wash. 286, 181 Pac. 882.) In the case before us, if the forfeiture is enforced, the appellant will not only suffer the loss of the benefit of his contract of purchase, but will suffer a loss in addition of many hundreds of dollars. The respondents, on the other hand, if the forfeiture is denied, suffer nothing for which they cannot be made whole, except the deprivation of an unearned gain. Under these conditions, a court of equity should not hesitate to award that form of relief which will measure out substantial justice to each of the parties.

The decree appealed from is reversed, with instructions to remand the cause for further proceedings in the trial court not inconsistent with this opinion.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.