[No. 22950. Department Two. April 10, 1931.]

GREAT WESTERN INVESTMENT COMPANY et al., Respondents, v. ANNA J. ANDERSON, Appellant, JOHN H. SCOTT et al., Defendants.[1]

[1]Reported in 297 Pac. 1087.

*Allen & Walthew,* for appellant.

*Roberts, Skeel & Holman* and *W. E. Evenson,* for respondents.

BEALS, J.—During the month of June, 1924, J. M. and Pearl E. Jensen, by contract of conditional sale, agreed to sell to Julia E. Ker an apartment house in the city of Seattle, known as the "Solana." The purchase price was ninety thousand dollars, of which seven thousand five hundred dollars was paid in cash, a further credit of ten thousand dollars being given for property traded, a mortgage in the sum of thirty-five thousand dollars was assumed, the balance of thirty-seven thousand five hundred dollars, together with interest, being payable in monthly installments of three hundred fifty dollars, each installment paid to be applied, first, in payment of all interest due, the balance to be credited on the principal.

The contract further provided that the vendee should pay, before delinquency, all taxes and assessments, and should keep the property insured for forty thousand dollars for the benefit, first, of the mortgagee, then, of the vendor. It was also stipulated in the contract that time was of the essence thereof, and that, upon the failure of the vendee to make any payment called for thereby, or to fulfill any covenant therein contained, the vendors might at their option declare the contract terminated, and all sums previously paid thereunder forfeited as liquidated damages.

Sometime after the signing of the contract, Mr. and Mrs. Jensen, the vendors, conveyed the property and assigned the contract to Great Western Investment

Company, a corporation organized by them, and thereafter the vendor's interest in the property and contract was conveyed to plaintiff Sound Industrial Loan Company, a corporation, as security for money advanced.

Defendant Anna J. Anderson became the owner by assignment of the vendee's interest in the contract, and for some time prior to August, 1929, was in possession of the property, operating the same as an apartment house. Defendants Scott were tenants of the property, in possession thereof by virtue of some contract with defendant Anna J. Anderson.

June 1, 1929, general taxes against the property for the year 1928 were due and delinquent. Thereafter, plaintiff demanded of defendant Anderson that she pay the taxes for 1928, and, she having failed to do so, plaintiffs instituted this action, alleging in their complaint the status of the contract, that defendant Anderson was in default thereunder by reason of her failure to pay the taxes for 1928 in the amount of $1,830.56, and that plaintiffs "have elected to and do hereby declare" the contract terminated. Plaintiffs further allege that the real estate contract above referred to was of record, and that the same constituted a cloud upon plaintiffs' title to the premises. Plaintiffs prayed for a decree quieting their title to the property, and asking for general relief.

An amended complaint was later filed, containing substantially the same allegations, naming defendants Scott as additional defendants. In the prayer of the amended complaint, plaintiffs asked for judgment for one thousand dollars a month for each month defendants should remain in possession of the property, the prayer of the amended complaint being otherwise the same as that of the original complaint.

Defendant Anna J. Anderson answered, admitting

that the taxes for 1928 were delinquent, and denying other material allegations of the amended complaint. By way of affirmative defense, defendant Anderson alleged her purchase of the contract from the original vendee therein named, and that she had spent large sums of money in improving the property, that she had made the payments called for by the contract and paid the interest upon the mortgage against the property, that she had at times been unable to promptly make all of the payments which had fallen due under the contract, but that she had eventually made all such payments, that the property had greatly increased in value, and that her equity in the property was very considerable. She further alleged that when the taxes became due she did not have the money with which to pay the same, but that, after the commencement of the action, defendant had tendered to plaintiff the amount due for the taxes.

A temporary receiver was appointed to take possession of the property, and plaintiffs filed their reply, alleging that, since the commencement of the action, defendant had failed to pay moneys due thereunder, some by way of payments due on the mortgage, which sums plaintiffs had been required to pay in order to avoid foreclosure. By a trial amendment to their reply, plaintiffs alleged other defaults on the part of defendant Anderson.

The cause came on for trial before the court January 17, 1930, the court filing a memorandum opinion in plaintiffs' favor April 5th following. In this memorandum opinion, the trial court directed that the action be dismissed as to defendants Scott, and that defendant Anderson should have until May 1, 1930, to place the contract in good standing by making all payments due under the contract up to that date. By a supplemental memorandum opinion, filed April 30, 1930, a

further extension was given defendant within which to make the payments due under the contract. An interlocutory decree was signed May twenty-ninth, giving defendant until July 1st to make the payments, a decree in plaintiffs' favor having been finally filed July 9, 1930, quieting plaintiffs' title to the premises in controversy.

Defendant appeals from this decree, and plaintiffs have cross-appealed, upon the ground that the court should have awarded them damages for the detention of the property by defendant. The action was dismissed as to defendants Scott, and for convenience appellant Anderson will, in this opinion, be referred to as the defendant, and cross-appellants will be referred to as plaintiffs.

Defendant contends that the trial court erred in admitting evidence as to defaults under the contract on the part of defendant, other than as to the payment of the 1928 taxes. The trial court admitted evidence as to the status of the contract up to the date of the trial, and did not limit plaintiffs in their proof to the matters alleged in plaintiffs' amended complaint as a ground for the forfeiture which plaintiffs alleged they had declared. In support of her contention, defendant cites the case of *Bell v. Waudby,* 4 Wash. 743, 31 Pac. 18, which was an action instituted for the purpose of recovering judgment upon several promissory notes and foreclosing a chattel mortgage. It was held that the claim for relief, as set forth in plaintiff's complaint, could not be enlarged by the reply filed by the plaintiff to affirmative allegations contained in the defendant's answer.

Plaintiffs argue that this action was instituted by plaintiffs for the purpose of obtaining a decree adjudging the forfeiture of defendant's contract. This is not, strictly speaking, a correct classification of this action,

which is one to quiet plaintiffs' title, plaintiffs contending that the contract was effectually forfeited by plaintiffs' election to declare such forfeiture. Defendant answered, alleging her acts under the contract and other matters which she evidently considered constituted defenses to plaintiffs' action. She also, in her answer, prays for general relief. Whatever may be the rule in actions at law, the course followed by the trial court in this case was in accord with several decisions of this court.

In the case of *Zane v. Hinds,* 136 Wash. 352, 240 Pac. 6, this court, in an action to quiet title to real estate as against persons claiming under a contract of conditional sale, as was defendant here, entered first an interlocutory decree to the effect that the defendants, within the time limit fixed by the decree, place a contract in good standing, under penalty, in case of their failure so to do, of the entry of a decree quieting title in the plaintiff.

A somewhat similar course was directed by this court in the case of *Wallis v. Elliott,* 154 Wash. 625, 282 Pac. 928, in which a decree entered by the trial court forfeiting a contract and quieting plaintiff's title was reversed with instructions to allow the defendant a reasonable time within which to place the contract in good standing.

Somewhat similar questions were discussed in the following cases: *Oconto v. Bacon,* 181 Wis. 538, 195 N. W. 412, 40 A. L. R. 175; *Clinton v. Meyer,* 43 Idaho 796, 255 Pac. 316; *Merk v. Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458; *Summers v. Hedenberg,* 227 Ill. 368, 115 N. E. 566; *Roy Inv. Co. v. Holmes,* 159 Wash. 244, 292 Pac. 403.

Defendant herself in her answer set forth equitable defenses which, she contended, entitled her to favor-

able consideration in a court of equity. The entire situation in connection with the property was before the court. Defendant asked for equitable relief, and, under all the circumstances, we hold that the trial court correctly received evidence as to the status of the contract at the time of trial, and properly entered an interlocutory order allowing defendant a certain time within which to place the contract in good standing. Several months elapsed between the date of the trial and the entry of the interlocutory order, the final decree not having been entered for over a month after the latter date.

As to the question of the rights of the parties under the pleadings, plaintiffs' contention finds support in the opinion of this court in the case of *Church v. Brown,* 150 Wash. 178, 272 Pac. 511. The action was instituted by plaintiff for the purpose of obtaining a decree quieting his title to real estate. The defendants answered setting forth in an affirmative defense that plaintiff's deed was in fact a mortgage. In his reply, plaintiff realleged his claim that he was the owner of the property, but prayed in the alternative that, if the court should adjudge his deed to be a mortgage, the same be foreclosed to secure any indebtedness the trial court should find due, together with taxes and assessments which he had paid. The decree of the trial court foreclosing plaintiff's deed as a mortgage was on appeal affirmed by this court, which held that the plaintiff had properly in his reply pleaded in the alternative, and that a finding by the trial court to the effect that plaintiff's deed was in fact a mortgage, as contended by the defendant, did not require the dismissal of the action, but that the trial court could proceed to determine the rights of the parties and enter such decree as justice and equity required.

Defendant, at all stages of the trial, strenuously

objected to the admission of evidence as to the status of the contract in any particulars other than as to the nonpayment of the taxes, and this case, therefore, does not fall within the rule that where evidence is received without objection the pleadings will be considered as amended to conform thereto.

Defendant also argues that it appears from the evidence that, because plaintiff Great Western Investment Company itself paid the taxes, together with an installment of interest upon the first mortgage, and also installments falling due under the contract, no ground for forfeiture existed, and that the contract was in fact in good standing, but that the only remedy available was an action at law by the plaintiff, who paid these items, to recover from defendant the amount so paid. These payments were made after the action was instituted, and, as the contract provides that in case of the failure of the vendee to pay any installment of the mortgage, or any taxes or assessments, the vendor might pay the same, in which event the amount so paid should be added to the principal of the amount due under the contract, we hold that the payment of these items by the plaintiff, in whom was vested the fee, did not operate to put the contract in good standing as between plaintiffs and defendant, but, on the contrary, left the situation as it existed, in so far as the rights of plaintiffs are concerned.

In this state it is the law that where a vendor has waived strict performance of such a contract as is here in question by accepting payments thereunder at times later than the dates provided for in the contract, the forfeiture of the contract cannot be claimed without notice and the giving of an opportunity to perform. *Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464; *Wadham v. McVicar,* 115 Wash. 503, 197 Pac. 616.

This question was also discused in the cases of *Myers v. Calhoun, Denny & Ewing,* 85 Wash. 689, 149 Pac. 19, and *Surry v. Baker,* 132 Wash. 198, 231 Pac. 791.

Defendant earnestly contends that, under the evidence, it must be held that no sufficient demand was ever made upon defendant prior to the institution of the action for the payment of the 1928 taxes. It appears from the evidence that the defendant had left the city of Seattle sometime prior to August 1, 1929, and that neither her relatives in charge of the apartment house nor her attorney knew how to communicate with her.

The state of facts in this connection disclosed by the record is complicated, and a detailed analysis thereof would not be profitable. Suffice it to say that we hold that, from the evidence, it appears that plaintiffs made a sufficient demand upon defendant for the payment of the delinquent taxes to support the allegations of the complaint based upon defendant's failure to pay such taxes.

Defendant also argues that, after the institution of the action, she tendered to the proper parties the amount due on account of taxes, but that plaintiffs refused to accept the tender. We have carefully read the testimony in connection with this matter, and are satisfied that defendant at no time made any tender which in law plaintiffs were obligated to accept, or which avails defendant anything, in so far as her contention that by such tender plaintiffs' action was defeated is concerned.

In regard to defendant's contention that, because of the course of dealing between the parties, and the fact that plaintiffs and their predecessors in interest had been lenient with defendant, and had accepted payments after the same were due, the provision of the contract to the effect that time was of the essence

thereof had been waived, we are satisfied that defendant was sufficiently advised, not only that this provision was not waived, but that, on the contrary, she would thereafter be required to strictly perform all conditions of the contract according to its terms.

■ Finally, defendant contends that the trial court should have accorded her a greater length of time within which to place the contract in good standing. The action was tried in January; the trial court in April filed its memorandum opinion in favor of plaintiffs; the interlocutory order definitely according to defendant an opportunity to place the contract in good standing was signed May 29th; the final decree was not signed until July 9th. It is clear that defendant had a reasonable opportunity to place her contract in good standing. We find no merit in defendant's contention that she should have been allowed further grace.

On plaintiffs' motion, a receiver was appointed to take charge of the property. We find no warrant in the evidence for granting a judgment in plaintiffs' favor for any damages in connection with detention of the property by defendant or any persons claiming by, through or under her.

The decree herein is affirmed on both appeals.

TOLMAN, C. J., FULLERTON, MILLARD, and BEELER, JJ., concur.