[No. 24948. Department One. April 11, 1934.]

C. GROSGEBAUER et al., *Appellants*, v. JACOB SCHNEIDER et al., *Respondents*.[1]

*LaBerge, Cheney & Hutcheson,* for appellants.

*M. C. Delle, Grady & Velikanje,* and *Stanley P. Velikanje,* for respondents.

MAIN, J.—This action was brought to forfeit a real estate contract and for the appointment of a receiver

[1]Reported in 31 P. (2d) 901.

for the property during the pendency of the action. The application for the appointment of a receiver was denied. Subsequently, the case, upon its merits, was tried to the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiffs appeal.

The facts are these: May 1, 1930, the appellants sold to the respondents, upon contract, a certain tract of land, with the buildings thereon, in Yakima county. The purchase price was twenty thousand dollars, of which six thousand dollars was paid in cash and other property, and the balance of fourteen thousand dollars was to be paid in monthly installments of one hundred fifty dollars each. The contract provided that the respondents should pay the taxes and keep the property insured, and contained a forfeiture clause. After the contract was executed, the respondents went into the possession of the property.

June 14, 1932, the appellants commenced an action to recover the sum of three hundred dollars, unpaid installments of the purchase price. The respondents answered, setting up that they had been induced to enter into the contract by fraudulent representations, to their damage in the sum of ten thousand dollars. Upon the trial of that action, the court awarded the respondents the relief prayed for.

January 4, 1933, the court announced its decision to the effect that the ten thousand dollars would be set off against the purchase price, which would leave owing on the contract the sum of $2,662.77, to be paid in monthly installments, as provided therein. The effect of the offset allowed by the decision was to pay and cancel all payments that had become due upon the contract up to February 1, 1933. After the court had announced its decision, but before the entry of

any judgment, the respondents claim that they and the appellants entered into negotiations which resulted in a verbal agreement between them that the appellants would pay the sum of four thousand dollars on or before January 1, 1934, in full settlement of the controversy, and upon such payment the respondents would execute and deliver to the appellants a quit-claim deed. The appellants admit negotiations with reference to such agreement, but deny that any such agreement as that claimed by the respondents, or any agreement in settlement, was in fact made.

July 5, 1933, no payments having been made on the contract subsequent to February 1st of that year and the taxes not having been paid and the property not being insured as provided in the contract, the appellants served notice of forfeiture. The judgment in the first action was entered July 10, 1933, from which the plaintiffs appealed. *Ante* p. 43. Before the present action was brought on for trial, the defaults as to taxes and insurance were cured, and before the trial the respondents tendered to the appellants the balance due on the purchase price called for in the contract after the offset of the ten thousand dollar judgment was made. This tender was refused, and the money was paid into the registry of the court. The trial, as above indicated, resulted in a judgment of dismissal.

The question upon this appeal is whether the appellants were entitled to a judgment of forfeiture because the monthly payments were not kept up subsequent to February 1, 1933. Forfeitures are not favored in the law, and they are never enforced in equity unless the right thereto is so clear as to permit of no denial. *Walker v. McMurchie,* 61 Wash. 489, 112 Pac. 500; *Harlan v. McGraw,* 107 Wash. 286, 181 Pac. 882; *Wallis v. Elliott,* 154 Wash. 625, 282 Pac.

928. Where the equities of a case warrant it, the courts may relieve from default to the extent of granting a period of grace. *Rohlinger v. Coletta Land & Orchard Co.*, 64 Wash. 348, 116 Pac. 1095; *Great Western Investment Co. v. Anderson*, 162 Wash. 58, 297 Pac. 1087.

If the parties in this case made the oral agreement which the respondents say they did with reference to the settlement, it would seem that, before a judgment of forfeiture is entered, there should be extended to them a period of grace in which to cure the default. The evidence as to whether this agreement was, in fact, made is in conflict. As already appears, the appellants admitted negotiations, but denied the consummation thereof. The evidence of the respondent Jacob Schneider, to the effect that such an agreement was made, is, in part, though not in detail, corroborated by two apparently disinterested witnesses. The trial court made no findings of fact, but dismissed the action because, as stated in its oral observations at the conclusion of the trial, the appellants were "not entitled to a forfeiture at this time." By inference, it would appear from the court's remarks that it was of the opinion that the oral contract had been made. Whether or not that be the court's opinion, we, after reading and considering all the evidence, are of the view that the making of the agreement was sustained by the preponderance thereof.

Certainly, if the agreement mentioned was made, in equity, the appellants were not entitled to a forfeiture without a period of grace being extended to the respondents in which they could cure the default. So far as the disposition of this case is concerned, we attach no importance to the tender, other than the bearing that it may have upon the good faith of the

286

respondents. Whether the tender was sufficient in amount or conditional, is not now material. We think the respondents are entitled to a period of sixty days after the remittitur from this court is filed in the superior court in which to cure the default and put the contract in good standing. If at the end of that time the default has not been cured, then a judgment of forfeiture should be entered.

Upon this appeal, neither party will recover costs as against the other.

The cause will be remanded to the superior court to proceed as herein indicated.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.